P. SHARKEY BURKE, JR. (MS State Bar No. 10436)
ANDERSON CRAWLEY & BURKE, PLLC
ATTORNEYS AT LAW
POST OFFICE BOX 2540
RIDGELAND, MS 39158-2540
TELEPHONE: (601) 977-8977
FACSIMILE:  (601) 977-9975
sburke@acblaw.com

MICHAEL W. FOSTER (CA State Bar No. 127691)
FOSTER EMPLOYMENT LAW
3000 LAKESHORE AVENUE
OAKLAND, CALIFORNIA 94610
TELEPHONE: (510) 763-1900
FACSIMILE:  (510) 763-5952
mfoster@fosteremploymentlaw.com

Attorneys for Defendant
LEVI STRAUSS & CO.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

JACKSON DIVISION

| | |
|---|---|
| HILBERT R. HILDERBRAND, | Case No. 3:09CV243-DPJ-JCS |
| Plaintiff, | Date Action Filed:  April 16, 2009 |
| vs. | **REPLY OF DEFENDANT LEVI STRAUSS AND COMPANY IN SUPPORT OF MOTION FOR ADMISSION OF LISA J. PLANK PRO HAC VICE BY COMITY** |
| LEVI STRAUSS & CO., | |
| Defendant. | |

1

**REPLY IN SUPPORT OF DEFENDANT LEVI STRAUSS AND COMPANY'S
MOTION FOR ADMISSION PRO HAC VICE BY COMITY**

## I. INTRODUCTION

Shortly after their previous effort to gain tactical advantage by refusing to stipulate to the obviously-necessary amendment of the Case Management Order, Plaintiff's counsel are again engaging in tactical maneuvering absolutely unrelated to the substance of the case they are charged with litigating.  This time Plaintiff asks the Court to deny the *pro hac vice* application of another attorney from a firm already granted *pro hac vice* status at the outset of the case, shamelessly seeking to handicap his adversary by barring appearances in this Court by one of the attorneys most knowledgable about the case.  Ironically, Plaintiff seeks denial of the Application based on purported "repeated failures to follow the Local Uniform Civil Rules," while himself flagrantly misrepresenting the local rules claimed to have been violated.  Defense counsel have sought in good faith to comply with applicable local rules throughout this litigation, and even assuming inadvertent clerical errors were made, the requested sanction based on Plaintiff's belated objection would be wholly unwarranted.  The grounds for rejecting applications for *pro hac vice* status are limited, and such applications "ordinarily should be granted;" Plaintiff's desire for strategic advantage most certainly does not constitute sufficient grounds for denial of such an Application under applicable Local rules, or Constitutional or case law.

## II. DISCUSSION

### A. Applicable Law

The grounds for rejecting an application for *pro hac vice* status under the (current) relevant Local Rule are limited to the following: (A) that the admission may be detrimental to the administration of justice; (B) that the admission may be detrimental to legitimate interests of parties to the proceedings; (C) that one or more client the applicant proposes to represent may be at risk of receiving inadequate representation; (D) that the applicant has engaged in more than five other matters in this District Court in the last 12 months; and (E) admission should be denied because the applicant had, before the application , filed or appeared in the federal court without having secured approval under these rules.  L.U.Civ.R. 83.1(d)(7).

2

**REPLY IN SUPPORT OF DEFENDANT LEVI STRAUSS AND COMPANY'S
MOTION FOR ADMISSION PRO HAC VICE BY COMITY**

The District Court generally has discretion to determine who shall practice before it in each particular case and to monitor their conduct. This is especially true when the conduct of counsel may directly impede the orderly administration of justice. *Norton v. Tallahahassee Memorial Hospital* 700 F.2d 617, 619-620 (11th Cir. 1983); *United States v. Dinitz,* 538 F.2d 1214, 1219 (5th Cir. 1976) *cert. denied*, 429 U.S. 1104, 97 S.Ct. 1133, 51 L.Ed.2d 556 (1977). As discussed in *United States v. State of Louisiana,* 751 F.Supp. 608, 614-615 (E.D.La. 1990), the courts must exercise their discretion concerning attorney appearances before them in such a way that attorneys cannot manipulate the court's docket to suit their tactical advantage.

> "For example, as in this case, on the eve of the finality of judgment, irrespective of all the judicial time and expense previously incurred, a party could, by removing counsel, attempt to thwart an expeditious resolution of the case."

*Id.; see In Re: Jimmy Ray Chandler, et al. v. Chandler*, 139 B.R. 817 (U.S. Bankruptcy Ct. SD Miss. 1992); *Frazier v. Heebe*, 482 U.S. 641; 107 S.Ct. 2607, 2611; 96 L.Ed.2d 557 (1987)(District Court has discretion to adopt local rules necessary to carry out conduct of its business, including regulation of admissions to its bar, provided the rules are consistent with principles of right and justice).

B.    **Plaintiff's Opposition to the Application for *Pro Hac Vice* Status Itself is Based on Flagrant Misrepresentation of the Applicable Local Rules, Erroneous Allegations of Misconduct and Misrepresentations of Fact**

1.    <u>False Allegation of Misconduct in Connection with Michael Foster's May 2009 Motion for Admission *Pro Hac Vice*</u>

While Plaintiff's opposition to the Application is based on his contention defense counsel have failed to comply with applicable local rules, Plaintiff's arguments rely on direct misrepresentation of the rules themselves. See Response, ¶ 10.

In the very first paragraph of Plaintiff's Response, he alleges the undersigned improperly filed an application (in June 2009) to represent Defendant *pro hac vice* in a second case in this District without mentioning he was admitted *pro hac vice* in this case a month earlier. Response, ¶ 1. Plaintiff claims this was a violation of Local Uniform Civil Rule ("L.U.Civ.R.") 83.1(d)(4)(H).

3
**REPLY IN SUPPORT OF DEFENDANT LEVI STRAUSS AND COMPANY'S
MOTION FOR ADMISSION PRO HAC VICE BY COMITY**

Response, ¶ 1, fn. 1.  In fact, *the rule Plaintiff claims was violated, L.U.Civ.R. 83.1(d)(4)(H), was not in effect until December 1, 2009, six months after the referenced application was filed*.  See cover page to Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, noting "Effective" date of December 1, 2009; L.U.Civ.R. 83.1(d)(1)(G), (H).  The rule applicable to the undersigned's application for admission *pro hac vice* was the previously-applicable local rule, that is, L.U.Civ.R. 83.1(A)(2), which contained no such requirement that the applicant identify other applications for *pro hac vice* status in Mississippi or other cases in which counsel is currently appearing *pro hac vice*.

2.     Erroneous Allegations Concerning Local Uniform Civil Rule 83.1

Plaintiff contends the Application at issue should be denied because of instances when Defendant failed to include local counsel signature on certain e-filed documents, listing electronic filings by Defendant dating back to August 2009.  However, contrary to Plaintiff's representation, there was no requirement of *local* counsel signature on any such documents prior to the effective date of the new Local Rules on December 1, 2009.  The relevant pre-December 2009 rule, Rule 83.1(B)(1), required just that certain filings on behalf of a party include signature by "at least one *attorney of record* admitted to practice in the district court in which the action is pending."  *Pre-*12/1/09 L.U.Civ.R.Rule 83.1(B)(1)(*emphasis added*).  Thus, the electronic signature of the undersigned (Michael W. Foster), who as noted has been admitted *pro hac vice* to co-represent Defendant in this action since May 2009 and hence is an *attorney of record*, fully satisfied the Local Rule requirement.  Only documents filed after December 2009 would be subject to the new requirement that certain papers (including pleadings, motions, applications and notices) must be signed by "one attorney admitted to the general practice of law" in this District Court.  *Post-*12/1/09 L.U.Civ.R. 83.1(b)(1); *see also* L.U.Civ.R. 83.1(d), also newly effective December 1, 2009, which by contrast only requires that a resident attorney sign every *pleading* filed with the court.  As such, most of the alleged local rule violations listed by Plaintiff do not constitute violations of any kind.

Plaintiff also contends the applicant attorney engaged in wrongful "representation" of

Defendant when she submitted evidentiary declarations based on personal knowledge and good faith certifications of meet and confer efforts, and even when she engaged in correspondence concerning this case. Response, ¶¶ 3, 4, 8, 9. It does not appear that an evidentiary declaration or good faith certification based on personal knowledge that is submitted in support of a motion or pleading is itself a "pleading," "motion," "application," "notice" or other such paper filed with the Court, so as to be subject to current Rule 83.1(b)(1)'s requirement of a local counsel signature. Interpreting the rule to mandate that all such affidavits be made by local attorneys would make little sense (unless the intent was specifically to disallow all participation in litigation by non-local attorneys), given that local counsel would generally lack personal knowledge of the facts contained in a Declaration by out-of state co-counsel.

Plaintiff apparently interprets the Local Rules even to preclude counsel not admitted to practice in this District Court from engaging in correspondence with Plaintiff's attorneys. Response, ¶ 9. There is no reasonable construction of the Local Rules that would bar this type of engagement in legal representation by a non-admitted attorney – particularly where the principal of the law firm for which the non-admitted attorney works was admitted *pro hac vice* to represent Defendant along with local co-counsel at the outset of this case. (The constitutionality of the Local rule would be questionable under Plaintiff's all-encompassing interpretation.)

Further, assuming there were an arguable basis for the contention that preparing evidentiary declarations or communicating with Plaintiff's counsel was improper, having fully participated in interactions and communications with the applicant attorney since August 2009 without objection while fully on notice of her status, Plaintiff waived any such objection by failing to timely object, as further discussed below.

3.   <u>False Allegation Plaintiff has Dealt Exclusively with Applicant Attorney</u>

Plaintiff's Response further relies on the bald misrepresentation that "for approximately the last seven months, counsel for Plaintiff has dealt exclusively with Lisa J. Plank," apparently to demonstrate Defendant's disregard for local rule requirements concerning local counsel participation

5
**REPLY IN SUPPORT OF DEFENDANT LEVI STRAUSS AND COMPANY'S
MOTION FOR ADMISSION PRO HAC VICE BY COMITY**

in the case. Deposition transcripts, motions, declarations and correspondence in the case prove indisputably the falsity of this allegation. In fact, Plaintiff's attorneys are well aware that local co-counsel Sharkey Burke has taken or defended the three depositions taken to date in the case, has filed pleadings and motion papers and has repeatedly communicated with Plaintiff's counsel (along with out-of state co-counsel) on discovery, case management, expert witness and numerous other matters. Foster Employment Law and local co-counsel Burke indeed have worked together on all aspects of this case. Plaintiff's knowing false statements to the contrary are inexplicable and wholly improper. [1]

### C.   Defendant Attempted in Good Faith to Comply with All Applicable Local Rules

Assuming Defendant engaged in technical violation of a Local Rule, this would not constitute a legitimate or reasonable ground for rejecting the applicant attorney's *pro hac vice* application.

Plaintiff apparently bases his opposition to the Application on subsection (E) of Local Uniform Civil Rule 83.1(d)(7), and he makes no argument that any other subsection applies. However, as noted, attorney Michael W. Foster followed the appropriate Local Rules procedure to be admitted *pro hac vice* upon commencing co-representation of Defendant in this case, and was thereby timely admitted for that purpose. The applicant attorney has only engaged in representation of Defendant in the case under the supervision and direction of Michael W. Foster and under the auspices of his law firm, Foster Employment Law. Under these circumstances, there is no reasonable argument that admission should be denied on the ground the applicant attorney "filed or appeared" in Court without approval.

---

[1] Plaintiff also opposes the Application on the ground certain inadvertent clerical errors were made by Defendant when documents were e-filed. See Response, ¶¶ 2, 6, 7, 11. These inadvertent errors include submitting a motion prior to submitting the motion fee, as a result of another December 1, 2009 rule change, and mistakenly using an "/s/" without an electronic signature. Plaintiff's argument that these are grounds for precluding an attorney from making appearances in this Court is simply absurd. It is also notable, if one assumes electronic filing errors a ground for attorney disqualification, that Plaintiff's counsel likewise have made electronic filing errors that necessitated correction by the Court. See docket items 85, 86.

Defense counsel have similarly sought to comply with the applicable Local Rules throughout this case, including those concerning local co-counsel. Resident counsel Burke has participated in all aspects of the case, and his firm's identifying information has appeared in the headings of all documents filed with the Court. The applicant attorney has worked closely with local counsel on all matters. Any instances in which defense counsel did not comply with an applicable Local Rule in their representation of Defendant -- resulting from unrecognized changes in the Local Rules, misconstruction of those Rules or clerical error -- were entirely inadvertent.

It must be noted that Plaintiff's counsel, by contrast, have themselves engaged in deliberate non-compliance with applicable Local (and federal) Rules in this case (such that Defendant would have grounds to likewise engage in time- and money-wasting filings seeking to charge Plaintiff's counsel with rule violations if it were so inclined). For example, Plaintiff has filed discovery motions without any attempt to comply with the Local and Federal Rule of Civil Procedure requirement to meet and confer prior to filing, or submission of the good faith certificate required by the Local Rules. (This Local Rule requirement, incidentally, existed both before and after December 1, 2009.) Plaintiff also failed to comply with the Local Rule requirement that discovery be propounded so as to be completed within the discovery period mandated in the Case Management Order ("CMO"); Plaintiff failed to timely pursue discovery in the case, then noticed FRCP 30(b)(6) depositions for the actual discovery deadline (February 6, 2010), conduct in violation of the Local Rules which resulted in this Court having to amend the CMO and set a new trial date. Defendant's goal in this litigation is not, however, pursuit of sideshows accusing opposing counsel of misconduct, but rather to focus on the merits of this case so as to bring it to a timely conclusion.

### D. To the Extent Defendant Did Not Comply with an Applicable Local Rule, Plaintiff Waived His Right to Complain by His Failure to Timely Object

Finally, any objection Plaintiff had to allegedly-deficient filings or communications by Defendant should have been promptly raised. In the case of filings connected with motions or discovery, Plaintiff's proper recourse would have been to raise any such alleged deficiency in opposing the motion, or to bring a motion to strike or to compel discovery – within the discovery

7

**REPLY IN SUPPORT OF DEFENDANT LEVI STRAUSS AND COMPANY'S
MOTION FOR ADMISSION PRO HAC VICE BY COMITY**

cut-off period. Though Plaintiff has been aware of the applicant attorney's involvement in the case and her non-resident status (as well as her affiliation with Michael Foster and Foster Employment Law) throughout the past seven months of litigation, Plaintiff has never before complained of any of the purported violations now raised. (Defendant's inadvertent failure to comply with the new rule concerning local counsel signature on certain documents was first pointed out by this Court in its recent Order amending the CMO, and was not previously noted by Plaintiff or any party.)

It would be wholly improper and highly prejudicial to permit Plaintiff to rely on and deal with the applicant attorney in communications and in all respects throughout the litigation, ignoring what he now claims was improper conduct by defense counsel, then to strategically raise an objection to counsel's participation late in the case in an effort to gain strategic advantage by eliminating a member of Defendant's legal team.

### E. Defense Counsel Can and Will Cure Deficiencies in Court Filings

Defense counsel would be willing and able to promptly cure any deficiencies in accordance with direction received from the Magistrate Judge.

## III. CONCLUSION

For the reasons stated in Defendant's Motion and the attached documents and hereinabove, Defendant requests that this Court grant the pending *Pro Hac Vice* Application.

This the 19th day of February 2010.

        Respectfully submitted,

        /s/ *Michael W. Foster*
        Michael W. Foster (CA State Bar No. 127691)
        FOSTER EMPLOYMENT LAW
        3000 Lakeshore Avenue
        Oakland, California 94610
        Telephone: 510.763.1900
        Facsimile: 510.763.5952

        /s/ *P. Sharkey Burke, Jr.*
        P. Sharkey Burke, Jr. (MSB # 10436)
        ANDERSON, CRAWLEY & BURKE, PLLC

8

**REPLY IN SUPPORT OF DEFENDANT LEVI STRAUSS AND COMPANY'S**
**MOTION FOR ADMISSION PRO HAC VICE BY COMITY**

216 Draperton Court
Ridgeland, Mississippi 39157
Telephone: 601.707.8800
Facsimile: 601.707.8801

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on February 19, 2010, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

*Reply in Support of Defendant Levi Strauss & Company's Motion for AdmissionPro Hac Vice by Comity*

John L. Maxey II
Marjorie S. Busching
MAXEYWANN PLLC
210 E. Capitol Street, Suite 2100
Jackson, Mississippi 39207-3977
john@maxeywann.com
marge@maxeywann.com

P. Sharkey Burke, Jr., Esquire
Anderson Crawley & Burke, PLLC
216 Draperton Court
Ridgeland, Mississippi 39157
sburke@acblaw.com

This the 19th day of February, 2010.

/s/ Michael W. Foster
Michael W. Foster, Esquire

/s/ P. Sharkey Burke, Jr.
P. Sharkey Burke, Jr., Esquire

FOSTER Employment Law
3000 Lakeshore Avenue
Oakland, California 94610