UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

HERBERT R. HILDERBRAND                                    PLAINTIFF

VS.                                    CIVIL ACTION NO.: 3:09cv243-DPJ-FKB

LEVI STRAUSS & COMPANY                                    DEFENDANT

ORDER

This employment dispute is before the Court on numerous Motions in Limine filed by

Defendant Levi Strauss & Company (Levi) [158, 160, 162, 164, 166, 168, 170, 172, 174, 176,

178, 180]. On February 25, 2011, the Court ruled on Levi's Motion for Summary Judgment.

That Order [136] provides a detailed factual and procedural history that is incorporated herein.

As for the present motions, the Court discussed some of the issues with the parties during the

pretrial conference and has fully considered their submissions in light of the applicable

standards. The Court will address the motions in turn.

I.       Standard

As summarized by the Fifth Circuit Court of Appeals:

A motion in limine is a motion made prior to trial for the purpose of prohibiting
opposing counsel from mentioning the existence of, alluding to, or offering
evidence on matters so highly prejudicial to the moving party that a timely motion
to strike or an instruction by the court to the jury to disregard the offending matter
cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and quotation

omitted). But blanket pre-trial exclusion of evidence must be considered with caution. *Kelly v.*

*Boeing Petroleum Servs., Inc*., 61 F.3d 350, 357 (5th Cir. 1995) ("We agree with other circuits

that have cautioned that an appellate court should carefully examine blanket *pre-trial* evidentiary

rulings."). And the circuit court has noted "judicial inhospitability to blanket evidentiary

exclusions in discrimination cases" where plaintiffs "face the difficult task of persuading the fact-finder to disbelieve an employer's account of its own motives." *Id*. at 359 (citations and quotations omitted).

II.     Motions

     A.    First Motion in Limine No. 1 to Exclude Evidence and Argument Regarding Events Occurring Prior to the Settlement of Plaintiff's 2003 Lawsuit by Levi Strauss & Company

This is Hilderbrand's second lawsuit against his employer Levi.  The first ended with a settlement 28 April 2005 which included a standard agreement waiving any potential claims regarding conduct occurring before that date.  Levi now contends that all evidence prior to the settlement should be excluded, and Hilderbrand concedes that he cannot seek recovery for conduct predating his settlement.  But Hilderbrand contends that the Motion is overly broad and premature because evidence of the terms of the settlement and his employment history prior to settlement could become relevant.

The Court finds that a blanket exclusion of all evidence before April 2005 is overly broad.  But it agrees that Plaintiff has yet to demonstrate why the jury should be informed of the facts and circumstances surrounding the original termination, lawsuit, and settlement.  Evidence of those matters would unfairly prejudice Levi, confuse the jury, and potentially require a mini-trial on the matters contested in the first dispute.  Thus, until Hilderbrand makes a better showing of probative value outside the presence of the jury, the Motion is granted as to the original termination, suit, and settlement based on Federal Rules of Evidence 402 and 403.

B.      Motion in Limine No. 2 to Exclude Evidence and Argument Regarding Issues
        That Have Been Summarily Adjudicated in Defendant's Favor [160]

The Court granted portions of Levi's Motion for Summary Judgment, ruling that

Hilderbrand failed to establish retaliation under Title VII and that his at-will-employee status

precluded state-law claims for fraudulent misrepresentation and breach of the duty of good faith

and fair dealing.  The parties generally agree to exclude evidence and argument regarding these

dismissed claims.

Dispute remains, however, as to whether alleged representations by Levi regarding

Hilderbrand's future employment opportunities are admissible in the surviving ADEA claim.

The Court finds that they are because statements regarding Levi's intentions are probative of its

motivation for the termination decision.  That probative value is not substantially outweighed by

Rule 403 factors.  There are, however, obvious limitations as to the way the evidence may be

presented or argued.  For example, Hilderbrand may not testify that he was fraudulently induced

to take the SAP position.  Levi is invited to draft a limiting instruction for consideration.

C.      Motion in Limine No. 3 to Exclude Evidence or Argument of Age-Related
        Comments or Conduct by Non-Decision Makers [162]

The parties agree that age-related comments allegedly made by Rich Keuther in 2003

should not be admitted.  As the Keuther statements were the focus of the Motion, it is granted.

The parties have not identified any other statements, but Levi's Reply [207] seeks to exclude any

new statements to avoid trial by ambush.  Normally, the Court would not grant a blanket

prohibition, but if there are no such statements then this is a non-issue.  If there are, and if they

have never been identified in discovery, then Hilderbrand should first address the issue outside

the presence of the jury.

      D.      Motion in Limine No. 4 to Exclude "Evidence" or Argument Regarding Speculation That Rich Keuther Was Involved in Plaintiff's Termination [164]

Levi's Reply [208] clarifies that it seeks to exclude speculative testimony as to the identity of the decisionmaker(s), not evidence tending to identify the decisionmaker(s). Speculative testimony is not admissible, and the Motion is granted to that extent. *See* Fed. R. Evid. 602.

      E.      Motion in Limine No. 5 to Exclude Evidence or Argument Relating to Plaintiff's 2005 Performance Evaluation [166]

Levi's Motion is granted as unopposed.

      F.      Motion in Limine No. 6 to Bar Evidence and Argument Regarding Testimony Solicited From Rule 30(b)(6) Witnesses Outside The Scope For Which They Were Presented [168]

According to Levi's Reply [209], this Motion is moot. It is therefore denied without prejudice to Levi's right to seek exclusion should Hilderbrand revise his deposition designations.

      G.      Motion in Limine No. 7 to Preclude Plaintiff's Use of Defendant's Motion to Transfer Venue as Evidence or Argument [170]

Levi contends that Mississippi resident Mark Grovich made the decision to terminate Hilderbrand's employment. Hilderbrand contends that the identity of the decisionmaker(s) is not clear and that Levi's position has evolved. In particular, Hilderbrand points to Levi's Motion to Transfer Venue [5] which states in relevant part as follows:

> all[] of the fact witnesses (other than the Plaintiff) to the incident alleged in the Complaint reside or work in San Francisco, California. Additionally, the decision to terminate the Defendant was part of a company wide lay off and elimination of positions in the financial services department of Levi Strauss & Co. and said decision was made at the corporate office of Levi Strauss & Co. in San Francisco, California. Further, the Plaintiff's position, which was eliminated, was located at the company's San Francisco based headquarters where the Plaintiff had been working for approximately two years.

Def.'s Mot. [5] at 4.

Levi now seeks exclusion of these statements on two primary grounds.  First, it contends that it never meant to suggest that anyone other than Grovich decided to include Hilderbrand in the RIF—the parameters of which were decided in California.  Therefore, even if the venue motion was "inartful," it would be confusing and prejudicial to admit it.  The problem is that Levi's Motion to Transfer Venue never identified Grovich as the decisionmaker and never conceded that any decisionmakers could be found in Mississippi.  Instead, Levi strongly implied to the Court that the decisionmakers were in California.  *See Id.* at 4–5 (stating that although venue in Mississippi is "technically proper," decision was made in California, and "*all*" fact witnesses reside in California) (emphasis added).   Levi's venue motion would have lost considerable punch had it conceded that the disputed decision was made in Mississippi by a witness residing in this district.  Although Levi is certainly free to explain what it meant, Hilderbrand's interpretation of the Motion to Transfer Venue is plausible, and the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice or confusion.

Second, Levi contends that statements by counsel in a legal memorandum—as opposed to a motion—are not per se admissible and fall within the Court's discretion.  Def.'s Mem. [171] at 3 (citing *Plastic Container Corp. v. Cont'l Plastics of Okla., Inc*., 607 F.2d 885, 906 (10th Cir. 1979) ("Briefs are not a part of the record, and in those cases in which statements in a brief were considered as admissions, it appears that the court did so as a matter of discretion.") (other citations omitted).  In the present case, the disputed comments appear in Levi's Motion which was docketed in the record.  It appears that Levi filed no supporting brief.  Even if the statements

had been part of a brief, discretion would still exist, and the Court concludes that the statements are admissible.

      H.      Motion in Limine No. 9 to Exclude Evidence or Argument Regarding Defendant's Financial Resources and Wealth [174]

Levi observes in its Reply [212] that Hilderbrand's exhibit list includes no evidence related to the disputed evidence.  The Motion therefore appears moot.  If, however, Hilderbrand intends to offer such evidence, he is instructed to raise the issue outside the presence of the jury so the Court can evaluate the merits of Levi's Motion.

      I.      Motion in Limine No. 10 to Exclude Evidence or Argument of Unsupported Speculation that an Open Shift Manager Position Existed [176]

Dispute exists as to whether an open position existed at Levi's Canton, Mississippi, facility at the time Hilderbrand lost his job.  This Motion seeks to exclude speculative testimony on the issue and an organizational chart upon which Hilderbrand relies.  Hilderbrand concedes the former and contests the latter.  As for the organizational chart, the Court agrees that a proper foundation must be established.  Hilderbrand will have that opportunity at trial, but he is precluded from publishing the exhibit or its content until the Court rules on its admissibility.

      J.      Motion in Limine No. 11 to Exclude Evidence or Argument that Plaintiff May Recover a Front Pay Award in Excess of Two Years [178]

Front pay, if any, is an issue for the Court to decide.  Accordingly, the Motion is granted to the extent it seeks to exclude evidence of front pay offered before the jury.

      K.      Motion in Limine No. 12 to Exclude New Opinions, Data, and Exhibits in Plaintiff's Expert's May 4, 2011 "Revised Report" [180]

Hilderbrand produced a timely designation by his damages expert Dr. Carl Brooking. Over a year later, Dr. Brooking produced a "Revised Report" that Levi now seeks to exclude.

Specifically, Levi contends that three categories of opinions were delinquently disclosed and therefore inadmissible.  First, Dr. Brooking updated his report to reflect damages as of a trial date in mid-2011, such as an adjusted discount rate.  Second, Dr. Brooking added a 9% bonus to the damage calculations.  Finally, Dr. Brooking added opinions regarding retirement, health, and pension benefits.

"The admission or exclusion of expert testimony is a matter left to the discretion of the trial court . . . ."  *Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 180 (5th Cir. 1995).  Under Rule Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at trial, unless the failure was substantially justified or is harmless."  Levi baldly states that the late disclosures are not harmless, but never examines the issue under the standard applied in this circuit.

In *Hamburger v. State Farm Mutual Automobile Ins. Co.*, the Fifth Circuit applied a four-factor test to determine whether an undisclosed expert should have testified:  "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."  361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).  The Fifth Circuit also applies these factors to insufficiently disclosed opinions.  *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563–64 (5th Cir. 2004).  And district courts routinely apply the *Hamburger* factors when expert disclosures are challenged.  *See*, *e.g.*, *Previto v. Ryobi N. Am., Inc.*, No. 1:08cv177-HSO-JMR, 2010 WL 5185055, at *4 (S.D. Miss. Dec. 16, 2010).

It is important to separate those opinions that have been supplemented from those that are entirely new.  Starting with the former, Rule 26(a)(2)(E) requires supplementation of expert disclosures when required by Rule 26(e).  Rule 26(e)(1)(A) explains that a party must supplement when it "learns that in some material respect the disclosure or response is incomplete or incorrect."  Under Rule 26(e)(2), the supplementation must occur before the deadline for pretrial disclosures.

Here, Hilderbrand explains that a substantial delay in setting the trial date necessitated the Revised Report because the damage figures must be calculated as of the trial date.  The Court agrees.  Without supplementation, Dr. Brooking's original numbers, and the rates upon which they were based, would be two-years old by the time the case is tried.  The supplemented opinions were timely under Rule 26(e)(2).  Even assuming that the disclosures failed to comply with the rules, they would still be admitted under a *Hamburger* analysis: (1) the delay in trial dates creates good cause for the Revised Report; (2) the information is important to an accurate assessment of alleged damages; (3) Levi made no showing of prejudice and has already supplemented its expert report to meet Hilderbrand's evidence; and (4) there has been ample time for Levi to respond to these new numbers without need for a continuance.  *See Rodriguez v. Crown Equip. Corp.*, 923 F.2d 416, 418 (5th Cir. 1991) ("[T]he inauguration of formalized discovery did not render every trial a staged performance.  Trial lawyers, and witnesses alike, must react to shifting fact patterns, developing arguments, and refined lines of inquiry.").

The more troubling portion of Levi's Motion relates to retirement, health, and pension benefits.  These are new opinions based on figures Levi apparently produced before Dr. Brooking's original report.  It therefore appears that Hilderbrand failed to timely disclose the

opinions.  Looking at the *Hamburger* factors, Hilderbrand's explanation that Levi's supplemental discovery triggered the need for the testimony is only marginally persuasive.  But, the evidence is important as it relates to a disputed aspect of the case.  More significantly, Levi has not addressed prejudice in any specific way, stating only that the late disclosure "certainly is not harmless."  Def.'s Resp. [215] at 2.  Levi never deposed Dr. Brooking and has not requested a deposition to respond to the new opinions.  Instead, Levi immediately supplemented its expert's report in response.  The lack of prejudice weighs in favor of allowing the opinions.  *See Primrose Operating Co.*, 382 F.3d at 564 (affirming admission of expert despite Rule 26(a) violation and focusing on lack of prejudice).  The fourth factor is whether a continuance would remove prejudice had it been shown.  This factor typically applies to experts and opinions that are disclosed at or on the eve of trial.  But here, Hilderbrand produced Dr. Brooking's Revised Report before the case was set for trial and approximately five months before the current trial date.  There is obviously no need for a continuance.

The Fifth Circuit has "limited reversible error from unfair surprise to situations where a completely new issue is suddenly raised or a previously unidentified expert witness is suddenly called to testify."  *Rodriguez*, 923 F.2d at 418 (citations omitted).  Levi has had, and still has, ample time to prepare for trial. [1]

---

[1]As a word of caution to future litigants, this Court is not shy about striking delinquent opinions.  *See, e.g.*, *Bradley v. Cooper Tire & Rubber Co.*, No. 4:03cv00094–DPJ–JCS, 2007 WL 4624613, at *7 (S.D. Miss. Aug. 3, 2007).  The rules exist for a reason, and few issues are more frustrating than motions to strike delinquent filings.  But this record simply fails to show prejudice to Levi.  The new opinions address a very narrow issue that Levi can readily meet without "additional delay and increased . . . expense."  *Hamburger*, 361 F.3d at 883.  Thus, allowing the testimony promotes a "just" determination of the case without offense to the remaining objectives of Rule 1 of the Federal Rules of Civil Procedure.

L.      Motion in Limine No. 8 to Exclude Expert Testimony or Argument Regarding
        Plaintiff's Statistical "Evidence" [172]

The Court defers ruling on this issue pending oral argument.  During the pretrial

conference, the parties expressed interest in mediation and indicated that a ruling on at least

some of the pending motions could better focus the discussions.  Given its limited resources, the

Court instructs the parties to set this matter for hearing, which can be conducted telephonically,

after mediation.  If the parties decline mediation, then they can set the hearing at a mutually

agreeable time and date.

    **SO ORDERED AND ADJUDGED** this the 21st day of July, 2011.

                              s/ *Daniel P. Jordan III*
                              UNITED STATES DISTRICT JUDGE

10