IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

HERBERT R. HILDERBRAND                                                              PLAINTIFF

V.                                                              CIVIL ACTION NO.: 3:09cv243-DPJ-FKB

LEVI STRAUSS & CO.                                                                 DEFENDANT

ORDER

This matter is before the Court on the parties' objections to deposition testimony designated for use at trial pursuant to the pretrial order. To preserve the record, the Court will mark the transcripts—which contain the objections—as Court exhibits when trial commences.

I.      Plaintiff's Deposition

Defendant intends to introduce Plaintiff's deposition as substantive evidence. Plaintiff objects contending that he will be available at trial and that admission fails to satisfy any of the requirements of Rule 32(b) of the Federal Rules of Civil Procedure. But Rule 32(a)(3) provides the appropriate test. It states: "Deposition of Party, Agent, or Designee. An adverse party may use for any purpose the deposition of a party *or* anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P. 32(a)(3) (emphasis added).

Rule 32(a)(3) was written in the disjunctive and applies to the testimony of a party—like Hilderbrand—"or" a corporate representative. *Id.*; *see Sanders v. Sevo Miller, Inc./Sevo Brokerage Group,* No. 3-00-CV-1924-P, 2001 WL 1295478, at *2 (N.D. Tex. Oct. 12, 2001) (applying rule to plaintiff's deposition); *Dexter v. United States*, 306 F. Supp. 415, 424–25 (N.D. Miss. 1969) (overruling objection to use of plaintiff's deposition as substantive evidence). Availability is immaterial. *See Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 308 (5th Cir.

1978) (addressing corporate deposition but noting "the Rule permits a party to introduce the deposition of an adversary as part of his substantive proof regardless of the adversary's availability to testify at trial").

II.     Fernando Duran Deposition

Defendant's relevance objection to the testimony on page 41 is overruled.  The testimony is marginally probative of the circumstances regarding Plaintiff's replacement.

Defendant's relevance objection to testimony on page 55 is overruled as it is probative of the witness's understanding of Plaintiff's reassignment.  It also provides context for the testimony on page 62 which will be read without objection.  But in the interest of completeness, the testimony should begin on page 55, line 21 and continue to page 56, line 6.

Defendant's objections to testimony on page 85 are overruled.  In this exchange, the witness was asked whether he agreed with Plaintiff's email statement that he looked forward to returning to his Inventory Control Manager position.  Duran Dep. at 84.  The witness responded,

> I never envisioned Ray to be leaving the company because of taking on the SAP project.  My hope was that he would come back and, yeah, either Inventory Control Manager or something else.  I never wanted to lose him.  You know, when he sent this, it's like, yeah, or whatever, whatever we can find.

*Id*. at 85.  The Court does not view this response as speculation regarding the Plaintiff's intentions.  Instead, the testimony is limited to the witness's intent and perception of the events.  The testimony is also sufficiently responsive to the question.  But in the interest of completeness, the full response should be read—page 84, line 24 through page 86, line 7.

III.     30(b)(6) Deposition

Defendant objects to testimony on page 18 based on the rule against hearsay. The disputed testimony does reflect an out-of-court statement. But defendant did not object to the out-of-court statement from this same declarant appearing in the preceding lines of the transcript. This raises concern that the Court lacks sufficient familiarity with the declarant and the circumstances to know whether the statement was offered for the truth of the matter asserted, would constitute a statement under Rule 801(d)(2)(D), or whether some other exception may apply. Accordingly, the Court takes the matter under advisement and will rule at trial after hearing from both parties.

**SO ORDERED AND ADJUDGED** this the 14th day of September, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE